DECISION AND JOURNAL ENTRY
Christopher A. Zudell appeals from the judgment of the Lorain County Court of Common Pleas, which sentenced him to multiple terms for multiple counts of various sexual offenses, pursuant to a guilty plea. This court affirms.
 I. On December 29, 1997, a complaint was filed in Lorain Municipal Court charging Zudell with the rape of a person younger than thirteen years old, in violation of R.C. 2907.02(A)(1)(b). The municipal court bound Zudell over to the Court of Common Pleas, and the grand jury later returned an indictment charging five counts of rape, four counts of gross sexual imposition, and one count of felonious sexual penetration. All of the charges involved offenses against Zudell's daughter, who was younger than thirteen at the time of the offenses. All of the rape charges and the felonious sexual penetration charge included force specifications, which enhanced the possible sentences. Two of the rapes, two of the gross sexual imposition offenses, and the felonious sexual penetration were alleged to have occurred between January 27, 1995 and June 30, 1996. The remaining offenses were alleged to have occurred between July 1, 1996 and December 27, 1997.
 Zudell initially pleaded not guilty and not guilty by reason of insanity. The court ordered a psychiatric evaluation to determine whether Zudell was competent to stand trial and to determine his "mental condition at the time of the offense." The trial court also granted Zudell's motion for an independent psychiatric examination. The prosecution in its discovery statement indicated that Zudell made a full confession on tape, after having been advised of his Miranda rights. Zudell later changed his plea to guilty on all charges, with the force specifications dropped.
 A sentencing hearing was held on September 29, 1999. In a judgment entry dated October 5, 1999, the trial court imposed the following terms of imprisonment: two counts of rape and one count of felonious sexual penetration,[1]
seven to twenty-five years each; three rape charges,[2]
five years each; two counts of gross sexual imposition, one and one-half years each; and two counts of gross sexual imposition, three years each. The sentences on the rape and felonious sexual penetration charges were to be served consecutively. The remaining sentences were to be served concurrently. The judgment entry contained findings necessary to impose a sentence greater than the minimum for a first time offender, pursuant to R.C. 2929.14(B), and to impose consecutive sentences, pursuant to R.C. 2929.14(E)(3). Zudell asserts that because of the consecutive sentences, he will have to serve thirty-six years in prison before he will be eligible for parole.
 Zudell filed the instant appeal, challenging the sentences imposed and assigning three errors.
 II. I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO A MINIMUM TERM OF THIRTY SIX YEARS FOR HIS OFFENSES.
 Zudell argues that the trial court abused its discretion in imposing consecutive sentences.
 For the offenses alleged to have occurred prior to July 1, 1996, we review the trial court's sentencing using an abuse of discretion standard. See State v. Hill (1994), 70 Ohio St.3d 25, 29. A trial court abuses its discretion only if its decision is "arbitrary, unreasonable, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. Two rape counts and the felonious sexual penetration count were alleged to have occurred prior to July 1, 1996. Zudell was sentenced to an indefinite term of seven to twenty-five years on each charge, to be served consecutively. The version of R.C. 2929.41(B)(1) in effect at the time of these offenses permitted the court to enter consecutive sentences.
 For the sentences imposed for the three rape offenses committed on or after July 1, 1996, "[o]ur standard of review is controlled by R.C. 2953.08(G)(1), requiring us to determine if the trial court clearly and convincingly acted contrary to law or the record."[3] State v. Tipler
(Feb. 16, 2000), Summit App. No. 19344, unreported, at 8. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentencing law applicable to these later rape charges disfavors both greater than minimum sentences for first offenses and consecutive sentences.[4] See State v. Edmonson (1999), 86 Ohio St.3d 324, 325. Pursuant to R.C. 2929.14(B), Zudell was entitled to a presumption in favor of a minimum sentence as a first time offender. See Edmonson, 86 Ohio St. at 325. Pursuant to R.C. 2929.14(E), Zudell was entitled to a presumption against consecutive sentences. However, the sentencing statutes permit a court to impose a sentence against those presumptions if it finds that such a sentence is warranted by the facts. See R.C. 2929.14(B) and (E); Edmonson, supra.
 In the instant case, the court found in its judgment entry that the shortest prison term would demean the seriousness of defendant's conduct and would not adequately protect the public, pursuant to R.C. 2929.14(B). Likewise, the court found that consecutive sentences are necessary to protect the public or to punish the defendant, are not disproportionate to the seriousness of the offenses, and are necessary to adequately reflect the seriousness of defendant's conduct and the harm caused, pursuant to R.C. 2929.14(E).
 Turning to the record, we do not find clearly and convincingly that the record does not support the sentences imposed for the three later rape charges. See R.C. 2953.08(G)(1)(a). Nor do we find that the trial court abused its discretion in imposing sentences for the two earlier rape charges and the felonious sexual penetration charge.
 Zudell points to information before the trial court which allegedly supports the contention that he was using a anticonvulsant medication, Klonopin, whose side effects arguably contributed to his actions in sexually molesting his daughter for a period of almost three years. This information was provided to the trial court by way of an ex parte communication initiated by Zudell's mother. Mrs. Zudell wrote a long letter to the court and included with the letter three published articles and a copy of a letter apparently from Zudell's psychiatrist, Dr. Stephen Levine, to Zudell's trial counsel regarding Levine's diagnosis of Zudell. Only the article entitled "The Realities of Clonazepam [Klonopin] Discontinuation" contains a publication reference. The letter allegedly from Dr. Levine contains no signature page. It is not clear who authored the letter or how much was contained in the original letter beyond the four pages submitted to the trial court.
 At the sentencing hearing Mrs. Zudell addressed the court. The court then stated on the record that Mrs. Zudell had sent to the court both her letter and the attached documents. The court permitted her letter and the attached documents to be entered into the record over the objection of the prosecutor. It is noteworthy that Zudell never tried to enter into the record the letter from the psychiatrist or any of the published articles. Now Zudell asks this court to vacate his sentence on the basis of these documents, because they allegedly support mitigating factors, namely the effect of Zudell's use of and withdrawal from Klonopin on his behavior, and his alleged mental illness.
 Assuming, without deciding, that these partial documents were properly before the trial court and that the unsigned letter was authored by Dr. Levine, we find Zudell's argument to be without merit. The four-page portion of the letter briefly refers to Zudell's Klonopin use on page four. The letter says that Zudell "has been taking Klonopin, a tranquilizer with anticonvulsant properties, for many years. * * * He often either seemed to overuse it or was forced to withdraw from it." This is insufficient documentation of Zudell's Klonopin use to permit the trial court to determine that Zudell's use of the drug or his withdrawal from it was in any way related to his criminal behavior. Furthermore, the letter states that Zudell "often used alcohol to calm himself down, which more likely contributed to his incest more than Klonopin per se."
 Zudell's other alleged mitigating factor was his mental illness. In this regard, Zudell points out the following excerpt from the letter: "[Zudell] suffers from a serious character disorder characterized by low frustration tolerance, impulsivity, and poor social judgment. He has been profoundly impulsive throughout his adolescence, 20s, [sic] and 30s [sic]." The letter goes on to recount several dramatic instances of Zudell's "impulsivity." It is not clear how such information would support a reduced sentence. Moreover, whatever problems Zudell had with control of his impulsivity, a police detective testified at the sentencing hearing that his investigation revealed that Zudell's acts were premeditated. Zudell offered no evidence to contradict this information.
 This court cannot say that the trial court abused its discretion in imposing consecutive sentences for the three offenses that were committed prior to July 1, 1996. Nor do we find clearly and convincingly that the sentences imposed for the three rapes that occurred on or after July 1, 1996 were contrary to law or unsupported by the record. Zudell's first assignment of error is overruled.
III.
 II. APPELLANT'S SENTENCE IS INEQUITABLE GIVEN HE WILL NOT BE ELIGIBLE FOR PAROLE FOR THIRTY SIX YEARS WHEREBY [sic] PLEADING GUILTY TO THE COMPLAINT WOULD HAVE MADE APPELLANT ELIGIBLE FOR PAROLE AFTER ONLY TEN YEARS.
 Zudell argues that the sentences imposed were inequitable in that he would have been eligible for parole in ten years if he had pled guilty to the complaint. However, in his argument on this assignment of error, he says that he would have been eligible for parole in ten years if he had pled guilty to "the offenses as indicted." We disagree with both assertions.
 As noted above, a complaint was filed against Zudell in the municipal court, charging him with one count of rape occurring on or about December 28, 1997. The charge included a force specification. If Zudell had pled guilty to that one count of rape, he could have been sentenced to as long as life imprisonment, and would have been eligible for parole after ten years. See R.C. 2907.02(B) and 2967.13(A)(5). However, such a guilty plea would not preclude the prosecution from charging Zudell with the other offenses alleged to have occurred over a period of approximately three years. This argument is therefore meritless.
 The municipal court transferred the case to the common pleas court, and a grand jury indicted Zudell on ten counts. All of the rape counts and the felonious sexual penetration count included force specifications. Those force specifications were dropped as part of the plea agreement. Now Zudell argues that if he had pled guilty to the "charges as indicted" he would have been eligible for parole in ten years. The longest sentence Zudell could have received for any one crime was for the forcible rape charge, which carries a life term, with a possibility for parole after ten years. See R.C. 2907.02(B) and 2967.13(A)(5). However, if Zudell had pled guilty to all the counts, the court could have imposed consecutive sentences. See R.C. 2929.14(B) and (E). Such an outcome would have resulted in Zudell not being eligible for parole for thirty years on the three later rape charges alone. See 2967.13(A)(5) and (C); McMeans v. Ohio Adult Parole Auth. (Oct. 29, 1998), Franklin App. No. 98AP-42, unreported. This does not include the time he would have to serve for the earlier rape offenses, the felonious sexual penetration charge, or the sentences that the court ultimately ordered to be served concurrently.
 Zudell's second assignment of error is without merit and it is overruled.
 IV. III. APPELLANT'S SENTENCE IS VIOLATIVE OF BOTH THE EIGHTH AMENDMENT'S AND SECTION 9, ARTICLE I OF THE OHIO CONSTITUTION'S PROHIBITION OF CRUEL AND UNUSUAL PUNISHMENT.
 The Ohio Supreme Court has recently reviewed the prohibitions against cruel and unusual punishment contained in the federal and Ohio constitutions, and determined that "[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person." (Alteration in original.) State v. Weitbrecht (1999), 86 Ohio St.3d 368, 371, quoting McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 70.
 Zudell argues that his sentence is too long because a person convicted of a single count of aggravated murder would only serve twenty years prior to being eligible for parole. There is no logical or legal support for such a comparison, which implies that a sentence for one count of a more heinous offense must exceed the total sentence for numerous counts of less heinous offenses.
 We have already reviewed the sentences imposed and have determined that they were permitted by law and supported by the record. This court cannot conclude that the imposition of consecutive sentences for the numerous counts of sexual assault committed by Zudell against his own young daughter over a period of three years constitutes "sanctions which under the circumstances would be considered shocking to any reasonable person." Id.
Zudell's third assignment of error is overruled.
 V.
Having overruled all of Zudell's assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT SLABY, J.
CARR, J.
 CONCUR
[1] Alleged to have occurred prior to July 1, 1996.
[2] Alleged to have occurred on or after July 1, 1996.
[3] The General Assembly enacted R.C. 2953.08(G), effective July 1, 1996. This statute restricts action pursuant to appellate review of a sentence.
[4] The General Assembly enacted R.C. 2929.14, new sentencing guidelines, effective July 1, 1996. The charges that occurred prior to the effective date of this statute are not governed by these sentencing guidelines. However, three of the rape charges are alleged to have occurred subsequent to the effective date of the statute. The sentencing on these three charges implicates both the issue of more than the minimum sentence and the issue of consecutive sentences, governed by the new sentencing guidelines. The General Assembly enacted changes to R.C. 2929.14, effective January 1, 1997. These changes are not material to this case.